PROB 12A
(7/93)

# United States District Court

## for

## District of New Jersey

## Report on Offender Under Supervision

Name of Offender: Bradford Widder                                                                           Cr.: 14-00582-001
                                                                                                            PACTS #: 616241

Name of Sentencing Judicial Officer:    THE HONORABLE RENEE MARIE BUMB
                                        UNITED STATES DISTRICT JUDGE

Date of Original Sentence: 09/12/2017

Original Offense:    Conspiracy to Distribute and Possess with Intent to Distribute Oxycodone

Original Sentence:   Imprisonment - 12 months and 1 day; Supervised Release – 3 years

Special Conditions: Special Assessment, Alcohol Treatment, Drug Treatment, Community Service - Hours, Substance Abuse Testing

Type of Supervision: Supervised Release                           Date Supervision Commenced: 08/31/2018

## NONCOMPLIANCE SUMMARY

The offender has not complied with the following condition(s) of supervision:

Violation Number     Nature of Noncompliance

1                    The offender has violated the special supervision condition which states **'You must refrain from the illegal possession and use of drugs, including prescription medication not prescribed in your name, and/or the use of alcohol, and must submit to urinalysis or other forms of testing to ensure compliance. It is further ordered that you must submit to evaluation and treatment, on an outpatient or inpatient basis, as approved by the U.S. Probation Office. You must abide by the rules of any program and must remain in treatment until satisfactorily discharged by the Court. You must alert all medical professionals of any prior substance abuse history, including any prior history of prescription drug abuse. The U.S. Probation Office will supervise your compliance with this condition.'**

                     On January 21, 2020, the offender checked himself into Seabrook House in Bridgeton, New Jersey, after months of repeated drug abuse. The offender was apparently using heroin, methamphetamines, benzodiazepines, opiates and fentanyl. He was using these substances with his wife who is also an addict. The offender successfully completed treatment after 60 days and moved into a sober living environment in Egg Harbor Township, New Jersey. The offender was also attending Intensive Outpatient Treatment (IOP) at Behavioral Crossroads. Due to the COVID-19 pandemic, Behavioral Crossroads switched their IOP program to tele-health services for the safety of staff and patients. Unfortunately, the offender neglected to switch to tele-health and even blamed his counselor for not attending treatment in this manner. The offender was encouraged on multiple occasions to reach out to Behavioral Crossroads to get

Prob 12A – page 2
Bradford Widder

the information needed to attend treatment virtually, but he failed to do so and subsequently has relapsed on heroin.

The offender states he relapsed for about a week and then contacted Maryville to get himself into detox. He checked himself into Maryville's detox program on Friday April 23, 2020 for five days. The undersigned officer spoke with admissions at Maryville to confirm the offender did report and to discuss potential options such as an extended stay and/or aftercare.

U.S. Probation Officer Action:

The undersigned officer was assigned the offenders case in January of 2020, about the same time the offender admitted himself into Seabrook House, although, it is noteworthy, the undersigned officer has supervised the offender in the past and is very familiar with him. When the offender returned home from Seabrook House the undersigned officer could not believe the changes in the offender's attitude and appearance. He was a different person from the last time the undersigned officer had contact with him. He was looking forward to working and staying sober. The COVID-19 pandemic has affected everyone and everything, especially how we go about normal activities to include healthcare. Although treatment through tele-health is not new it's certainly not the normal course for IOP. The undersigned officer is in no way blaming the pandemic for the offender's relapse, as it was his responsibility to stay on top of his aftercare to include attending IOP through tele-health. Unfortunately, the offender's serious addiction to multiple substances along with his proclivity towards depression does not surprise anyone that he relapsed given the circumstances. It is also noteworthy that the offender lost his job due to the pandemic. To his credit, he notified his roommates, his family, and the undersigned officer of his relapse and took steps to get help. To the offender's credit, he would have never done this prior to his time at Seabrook House.

No Court action is recommended at this time. However, by Your Honor's response and signature below, we shall provide this document to Mr. Widder as an Official Judicial Letter of Reprimand. Should the offender's non-compliance continue, we will seek further Court action.

Respectfully submitted,
*Bethany Crede/sa*
By: Bethany Crede
U.S. Probation Officer
Date: 04/24/2020

**Please check a box below to indicate the Court's direction regarding action to be taken in this case:**

☑ No Formal Court Action-Document to Serve as Official Judicial Letter of Reprimand (as recommended by the Probation Office)

☐ Submit a Request for Modifying the Conditions or Term of Supervision

☐ Submit a Request for Warrant or Summons

☐ Other

_____
Signature of Judicial Officer

April 27, 2020
_____
Date